```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MANUEL YUNGANAULA,

                Plaintiff,                  MEMORANDUM & ORDER
                                            19-CV-6247(EK)(SJB)
        -against-

NELSON A. GARCIA, NELSON ABREU, and
ABC CORPORATION, d/b/a PRINCESS PIZZA
& RESTAURANT,

                Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

From 2006 to 2019, Manual Yunganaula worked as a cook at Princess Pizza & Restaurant, a pizzeria owned at various times by both Nelson Garcia and Nelson Abreu. Yunganaula brings a series of claims against his former employers for wage-and-hour law violations and employment discrimination, alleging among other things that he was made to work overtime hours without overtime pay. Yunganaula now moves for default judgment.

Before me is Magistrate Judge Bulsara's Report and Recommendation (R&R) dated August 11, 2021. ECF No. 38. Judge Bulsara recommends that I grant Plaintiff's motion for default judgment in part — specifically, that I find Defendants jointly and severally liable under the Fair Labor Standards Act, New York Labor Law ("NYLL"), Wage Theft Protection Act, New York

State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"), and enter judgment against them in the amount of $616,403.38, plus prejudgment interest.  The R&R also recommends that I deny Plaintiff's motion for default judgment on his claims regarding violations of the NYLL provisions that require employers to reimburse employees for the purchase and maintenance of mandatory work uniforms.  The R&R finally recommends that I dismiss without prejudice the uniform purchase cost and maintenance pay claims and the claims for which Yunganaula does not seek default judgment (the minimum wage and reasonable-accommodation claims).

Neither party has filed objections and the time to do so has expired.  Accordingly, I review the R&R for clear error on the face of the record.  *See* Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord Gesualdi v. Mack Excavation & Trailer Serv., Inc.*, No. 09-CV-2502, 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010). Applying this standard, I adopt the R&R's recommendation that I grant default judgment to Yunganaula and find defendants jointly and severally liable for violations of the overtime provisions of FLSA and NYLL, the disability discrimination provisions of the NYSHRL and NYCHRL, the wage-statement provisions of the Wage Theft Protection Act, and the spread-of-hours provisions of the NYLL and related regulations, except that I modify the damages awarded to Plaintiff slightly.

I also adopt (in full) the R&R's recommendation that I deny Yunganaula's motion for default judgment on his claims for uniform purchase costs and maintenance pay, and that I dismiss that claim and all other claims (for which recovery is not rewarded) without prejudice.

With respect to damages, the R&R calculated the defendants' total liability as follows:

- $253,341.24 in overtime wages;
- $17,253.00 in spread-of-hours pay;
- $270,594.24 in liquidated damages;
- $5,000.00 in statutory damages for written wage statement violations;
- $25,725.00 in back pay;
- $30,000.00 in emotional-distress damages;
- $14,090.00 in attorney's fees;
- $400.00 in costs; and
- Prejudgment interest.

I adopt these figures, with slight arithmetic modifications to the overtime wage, back pay, and liquidated damages calculations as follows.

***Overtime: Average Weekly Hours.*** The R&R calculated Plaintiff's yearly overtime hours based on his average weekly hours worked. The R&R used the following inputs in that

context: (1) 72 hours per week from 2013 through 2015;[1] (2) 74 hours per week from 2016 through May 2019;[2] (3) 73 hours per week (as a substitute for the hours normally worked per week in a given year) for three weeks each year;[3] (4) 84 hours per week for four weeks each year (excluding 2017);[4] and (5) 84 hours per week for eight weeks in 2017.[5]  Where Plaintiff stated a range of hours worked along with a range of weeks in which he worked those hours each year, the R&R appropriately assumed the low end of the range.  *See* R&R at 33 n. 12.  For the years 2013 and 2019, in which Plaintiff worked less than a full year, the R&R also prorated the number of weeks that Plaintiff worked to account for the 73-hour weeks and the 84-hour weeks.  Applying these assumptions, the following reflects the accurate figures:

---

[1] Yunganaula Decl. ¶ 3 ("[F]rom 2006 to 2015, I typically worked 6 hours per week and a minimum of 12 hours a day, . . . totaling at least 72 hours per week.").

[2] *id.* ("From 2016 to May 2019, I typically worked 6 days per week, working 12-hour days for 4 days and 13-hour days for 2 days a week . . . totaling at least 74 hours per week.").

[3] *id.* ("Defendants catered parties approximately once a week, 3 to 4 parties per year, and on those days I would . . . work[] a 13-hour shift, and [therefore] 73 or 75 hours per week.").

[4] *id.* ¶ 4 ("[O]nce every year, when Garcia went on vacation, I worked 7 days a week for 4 to 5 weeks, . . . [for] at least 84 hours per week.").

[5] *id.* ("[I]n 2017, I worked 7 days a week 12 to 13 hours a day . . . for 2 to 3 months, totaling at least 86 [sic] hours per week.").

| Time Period | 11/5/13 to 12/31/13 | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | Total |
|---|---|---|---|---|---|---|---|---|
| Number of Workweeks | 8 | 50 | 50 | 50 | 50 | 50 | 22 | |
| Average Hours Worked Per Week | 73.02[6] | 73.02[7] | 73.02[8] | 74.74[9] | 76.34[10] | 76.89[11] | 74.74[12] | |
| Average Overtime Hours Worked Per Week | 33.02 | 33.02 | 33.02 | 34.74 | 36.34 | 36.89 | 34.74 | |
| Hourly Wage Rate | $14.50 | $14.50 | $15 | $17 | $19 | $20 | $20.11[13] | |
| Hourly Overtime Wage Rate | $21.75 | $21.75 | $22.50 | $25.20 | $28.50 | $30 | $30.11 | |
| Overtime Wages Owed | $5,745.48 | $35,909.25 | $37,147.50 | $43,772.40 | $51,784.50 | $55,335.00 | $23,012.47 | **$252,706.60** |

---

[6] In reaching 71.125 hours, the R&R excluded the 84-hour workweeks Plaintiff worked in 2013. The Court's calculation produced here prorates Plaintiff's work schedule for the year since the statute of limitations allows Plaintiff to claim overtime wages for only 8 workweeks in 2013. The calculation assumes Plaintiff worked (1) 73 hours per week for three weeks; (2) 84 hours per week for four weeks; and (3) 74 hours per week for the remaining forty-three weeks.

[7] The calculation produced here assumes Plaintiff worked (1) 73 hours per week for three weeks; (2) 84 hours per week for four weeks; and (3) 74 hours per week for the remaining forty-three weeks.

[8] *See* n. 7, *supra*.

[9] In reaching 74.9 hours, the R&R counted four 86-hour weeks instead of four 84-hour weeks (the low end of the range).

[10] The calculation produced here assumes Plaintiff worked (1) 73 hours for three weeks; (2) 84 hours for twelve weeks (the four weeks Garcia was on vacation, plus the eight weeks noted above); and (3) 74 hours per week for the remaining thirty-five weeks. *See* Compl. ¶ 29 (alleging that Plaintiff worked seven days a week, twelve-to-thirteen hours a day for two to three months in 2017).

[11] In reaching 74.9 hours, the R&R counted four 86-hour weeks instead of four 84-hour weeks (the low end of the range).

[12] In reaching 73.91 hours, the R&R excluded the prorated 84-hour workweeks Plaintiff worked in 2019.

[13] In keeping with the methodology of applying the low-end of the range, I assume Plaintiff earned $900 that week. Yunganaula Decl. ¶ 5 ("[M]y last week . . . I got paid $900.00.").

5

Thus, the appropriate amount of overtime wage pay is $252,706.60, not $253,341.24. Because liquidated damages are calculated based on the sum of the overtime wages and the spread-of-hours pay, the total amount of liquidated damages is therefore $269,959.60 instead of $270,594.24.

**Back Pay.** With respect to back pay, I adopt the R&R's figures, with the exception that Plaintiff's "regularly weekly schedule" in 2019, which the R&R used as its baseline, was 74 hours per week (not 73 hours per week). *Compare* Yunganaula Decl. ¶ 3 ("From 2016 to May 2019, I typically worked 6 days per week, working 12-hour days for 4 days and 13-hour days for 2 days a week, . . . totaling at least 74 hours per week.") *with* R&R at 38 n.17. With this adjustment, the total amount of back pay is $26,310.00, not $25,725.00.

Accordingly, the total principal amount is $615,719.20, broken down as follows:

- $252,706.60 in overtime wages;
- $17,253.00 in spread-of-hours pay;
- $269,959.60 in liquidated damages;
- $5,000.00 in statutory damages for written wage statement violations;
- $26,310.00 in back pay;

- $30,000.00 in emotional-distress damages;
- $14,090.00 in attorney's fees; and
- $400.00 in costs.

***Prejudgment Interest.*** The R&R also recommends that I calculate prejudgment interest by multiplying $66.72 by the number of days between November 4, 2016 (halfway through Plaintiff's term of employment) and the date judgment is entered — here, September 2, 2021. The R&R calculated the daily principal figure based on a nine-percent per annum interest rate accruing on the sum of the overtime-wage and spread-of-hours principal. In light of the modifications to this principal figure, however, the prejudgment interest should be calculated at a rate of $66.57 per day. There were a total of 1,869 days between November 4, 2016 and today, December 17, 2021. Based on that figure, the total amount of prejudgment interest due is $124,419.33. Combined with the principal amount calculated above, Defendants are jointly and severally liable for a sum of $740,138.53.

Accordingly, the Court adopts — with limited modifications — the R&R pursuant to 28 U.S.C. § 636(b)(1). Therefore, Plaintiff's motion for default judgment is granted in part and denied in part (as set out above). I find the Defendants jointly and severally liable in the amount of

7

$740,138.53.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

>/s Eric Komitee
>ERIC KOMITEE
>United States District Judge

Dated:    December 17, 2021
          Brooklyn, New York